Rockingham, \
July 6, 1950. } No. 3929.

## HARRY I. SOBLE, INC. *v.* THE FISKE LUMBER COMPANY.

*Walter A. Pillsbury* (by brief and orally), for the plaintiff.

*Waldron, Boynton & Waldron* (*Mr. Boynton* orally), for the defendant.

JOHNSTON, C. J. In *Derry Loan &c. Company* v. *Falconer*, 84 N. H. 450, 454, it was stated that "a counterclaim other than a debt or demand which is the subject of set-off or recoupment is not known to the common law and does not here obtain by statute." Accordingly, when the defendant refers to counterclaims, it is understood in this case that it means claims of set-off.

The exceptions taken raise the questions of whether there was any evidence to support the plaintiff's specification, and whether the first and third claims in set-off of the defendant were conclusively proven.

For the plaintiff Mr. Soble testified that on the date alleged he ordered from the defendant a carload of 1 x 8 tongue and groove white pine boards and that he paid $1,000 in advance. The cancelled check for that amount to the order of the defendant with its endorsement was put in evidence. He further stated on the stand that he had never received the lumber or anything of value for the money and

that the money had not been returned to the plaintiff although he had requested lumber or money.

The Court was not obliged to find that the car of lumber which was shipped by the defendant October 22, 1946, to the General Fireproof Door Company at the request of the plaintiff was in satisfaction of the indebtedness to the plaintiff for the $1,000 advanced. Mr. Soble testified that the agreement with Mr. Fiske representing the defendant was that this car should be applied against an obligation for a third car that the plaintiff had previously shipped the Goodwin Manufacturing Company.

There was evidence to support the plaintiff's claim. No objection was made by the plaintiff to the deduction of $32, which was the excess value of the car delivered to the General Fireproof Door Company over that of the third car delivered to the Goodwin Manufacturing Company.

Defendant's third claim in set-off was for $1,014, the value of the carload of lumber shipped by the defendant October 22, 1946, to the General Fireproof Door Company at the request of the plaintiff. Mr. Fiske confirmed Mr. Soble's version of this transaction. He said on the stand: "And when I left Fiske Lumber Company, the way I had understood it was that the indebtedness of Goodwin had been paid by this green, or this Fireproof Door bill and that there was still a thousand dollars due him [Mr. Soble] on that deposit which ultimately would be shipped, for which lumber would be shipped."

The defendant now claims that it could not legally have delivered lumber on October 22, 1946, to the General Fireproof Door Company at the plaintiff's request to apply on an indebtedness of the Goodwin Manufacturing Company to the plaintiff. The transaction was within the power of the defendant provided this was a sale and not a gift of the lumber. It could be found that the affairs between the defendant and the Goodwin Manufacturing Company, both of which were represented by Mr. Shein, were conducted in a legal manner. Mr. Soble's testimony concerning the authority of Mr. Shein was as follows· "Q. Did you understand that Mr. Shein was authorized to speak for the Goodwin Manufacturing Company? A. Well, he told me that whatever I sold to Goodwin Manufacturing Company he'd see I was paid for it because that was his company. Q. He told you it was his company? A. I asked him, I said what right have I got to bill it? He said whatever you bill it, I will take care of it, don't worry about it. Q. And who did you deal, talk with in relation to the Fiske Lumber Company? A. Both of them. Q. Mr. Fiske and Mr.

Shein? A. And Mr. Shein." A corporation may be a party to a contract of novation and take over the obligation of a debtor so that it will run to itself. See *Snow* v. *Lucier*, 60 N. H. 32.

The first claim in set-off apparently consists of an item of $1,708.54 for a car shipped by the plaintiff to the Goodwin Manufacturing Company, for which the plaintiff looked to the defendant for payment. This was credited by the plaintiff against indebtedness of the plaintiff to the defendant in balancing an account. It was not conclusively shown by the defendant that this was incorrect and there was evidence substantiating this settlement. In addition to the above stated testimony of Mr. Soble and Mr. Fiske, the latter of whom was President and General Manager of the defendent company, Mr. Soble testified: "No. Everything that went to Goodwin, Shein agreed to pay for. *The Court*: Yes. A. And when the Fiske Lumber Company sent me lumber, I told them I was deducting the check that was $1,704 [$1,708.54], and I wrote them a letter confirming it, and I told them afterwards, he called me up, I called him up and I said is that all right and he said sure, it's all right. *The Court*: Well, Goodwin never paid you any money? A. No." He further said that he replied to Mr. Shein's claim of a big counterclaim: "I don't care about your counterclaim; I don't owe you anything and I want you to pay me."

Both claims in set-off were properly disallowed.

*Exceptions overruled.*

All concurred.